# THE LAW OFFICE OF JEFF CHABROWE

261 Madison Avenue, 12th Floor New York, NY 10016 | Tel. 212.736.3935 | F 480.247.5806

March 6, 2016

**BY ECF**

Honorable Steven Tischione
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

                    RE:  Eugene Moore v. City of New York, et al.
                         Index No.: 15-CV-4365 (ENV)(JO); Request for Stay on Consent

Your Honor—

      I represent the Plaintiff in the above-referenced matter, and I write with the consent of counsel for the individually named Defendants (Walter Kretz, Esq.) and the City of New York (A.C.C. Karl Ashanti), to request a brief stay on discovery to allow for completion of an Internal Affairs Bureau ("IAB") investigation of the events underlying this case.

      As set forth more fully in Plaintiff's Complaint, the instant case is a civil rights action brought under 42 U.S.C § 1983 to vindicate the rights of Eugene Moore, who was wrongfully incarcerated for over a year after members of the New York City Police Department planted a gun on him, and then knowingly forwarded false, unreliable, and otherwise misleading evidence to the Kings County District Attorney's office in order to secure his conviction.  A December 11, 2014 New York Times investigation[1] revealed that Eugene Moore, whose charges were dismissed, was but one of as many as six who officers from the 67th Precinct, including the named Defendants here, likely targeted as part of a larger gun-planting scheme.

      Counsel for the City, Karl Ashanti, recently informed me that the Kings County D.A. has decided not to pursue criminal charges against the officers.  He also informed me that this development has led to an acceleration of a related Internal Affairs Bureau ("IAB") investigation.  It is now Mr. Ashanti's understanding that the IAB investigation will conclude in approximately the next two months.  The stay the parties are now requesting is to allow the IAB investigation to conclude, the parties to obtain copies of the relevant investigatory materials, and either settle the case, or at minimum, be enabled to proceed toward fully informed depositions.

---

[1] See In Brooklyn Gun Cases, Suspicion Turns to Police, New York Times, Dec. 11, 2014, available at http://www.nytimes.com/2014/12/12/nyregion/gun-arrests-with-2-things-in-common-the-officers-and-unidentified-informers.html?_r=0.

To date, all parties have answered the Complaint, preliminary disclosures have been made pursuant to Rule 26(a)(1), initial discovery demands between the parties have been exchanged and answered, and a Protective Order has been stipulated and so-ordered by this Court in anticipation of the receipt of sensitive materials, including materials pertaining to confidential informants. Discovery in this matter is scheduled to close on April 23, 2016. However, in the interest of administrative efficiency (e.g., not having to depose the parties more than once, and the possibility that the materials would give the parties a clearer sense of the case's valuation, negating the need for depositions), especially given that the IAB investigation is set to be completed soon, Plaintiff, with consent of the parties, respectfully requests that this matter be stayed pending the completion of the IAB investigation.

While this is Plaintiff's first request for such a stay, it should be noted that Magistrate Judge Orenstein previously denied the City Defendants' request for a stay without prejudice, pending "a more specifically targeted protective order." (DCKT. # 14). As stated, a Protective Order has since been so-ordered (DCKT.# 28), and the parties have been diligently pursuing their cases to the extent they have been able, absent access to the critical IAB materials. It should also be noted that on October 15, 2015, Magistrate Judge Mann stayed discovery on a case related to this one involving the same Defendants (Herring v. City of New York, et al., 15-CV-00276) and the stay remains in place, pending the parties prompt notification of the Court that the relevant investigation(s) have been completed.

Accordingly, Plaintiff Eugene Moore, with the consent off all parties, respectfully requests that this Court order a brief administrative stay pending the completion of the Internal Affairs investigation of the circumstances underlying this case.

Respectfully submitted,

_____/s/_____
Andrew L. Hoffman, Esq.
The Law Office of Jeffrey Chabrowe, P.C.
Attorney(s) for the Plaintiff

CC: Walter Kretz, Esq., counsel for Defendants Jean-Baptiste and Adiniou (via ECF)

A.C.C. Karl Ashanti, counsel for Defendant City of New York (via ECF)